UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-186 WCL |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

William Howard, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his one year assignment to disciplinary segregation. Placement in disciplinary segregation does not alter the fact or duration of his confinement and therefore can not be challenged in a habeas petition.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence- shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-651 (7th Cir. 2000) (citations omitted).

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the court **DENIES** this petition pursuant to Section 2254 Habeas

Corpus Rule 4.

      SO ORDERED.

      ENTERED: August 27 , 2007

                                                s/William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court